IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIOT S. SASH, | CIVIL NO. 1:CV-08-1553 |
| Plaintiff | |
| v. | (Judge Rambo) |
| UNITED STATES OF AMERICA, | (Magistrate Judge Blewitt) |
| Defendant | |

## **M E M O R A N D U M**

Before the court is a report and recommendation of the magistrate judge to which Plaintiff has filed objections. Defendants have responded to Plaintiff's objections and the matter is ripe for disposition.

At the time of the filing of the amended complaint, Plaintiff was a prisoner at the Low Security Correctional Institution at the Allenwood Correctional Complex in White Deer, Pennsylvania. The amended complaint raises claims pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671 *et seq.*) ("FTCA"). Plaintiff alleges medical negligence; an improper overcharge by the commissary staff; and an improper deduction from his commissary account for a co-pay.

As to the overcharge claims, the magistrate judge cited to *Ikelionwu v. Nash*, 2009 WL 1204588 (3d Cir. 2009), for the proposition that this kind of action should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. The *Ikelionwu* case relied on *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 128 S. Ct. 831 (2008), which held that claims against correction officers who are accused of mishandling an inmate's property fall within the FTCA's exception to the United States' waiver of sovereign immunity. Plaintiff

in his objections does not cite to any case that refutes this holding or that the facts of this case do not fall within *Ikelionwu*'s holding.

Plaintiff's attack on the magistrate judge's recommended disposition of the medical malpractice claim relies largely on his objections to the medical reports of the prison. In particular, Plaintiff alleges that many of the notations on his medical reports were made by an individual named Factora who, Plaintiff claims, is not a licensed medical professional. Plaintiff further contends that the treatment he did or did not receive worsened his back condition and amounted to negligence.

The magistrate judge correctly cited the requirements that must be established to prevail on a medical malpractice claim: (1) a duty owed by the physician; (2) a breach of that duty; (3) the breach proximately caused the harm; and (4) that damages directly resulted from that harm. *Quinby v. Plumstead Family Practice, Inc.*, 589 Pa. 183 (2006) (other citations omitted). Plaintiff has failed to offer any expert witness testimony to show that the care he was provided breached the duty of care and that the care provided was the proximate cause of a deterioration of his back condition. (Report and Recommendation at pp. 30-32.)

The court will adopt the report and recommendation. An appropriate order will be issued.

                                                s/Sylvia H. Rambo
                                                United States District Judge

Dated: November 6, 2009.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ELIOT S. SASH,<br><br>    Plaintiff<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant | : CIVIL NO. 1:CV-08-1553<br>:<br>:<br>: (Judge Rambo)<br>:<br>: (Magistrate Judge Blewitt)<br>:<br>:<br>: |

**O R D E R**

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT:**

1) The court adopts the report and recommendation of Magistrate Judge Blewitt.

2) Defendant's motion for summary judgment (doc. 11) is granted as follows:

    a) Summary judgment is granted in favor of Defendant and against Plaintiff's as to Plaintiff's medical malpractice claim brought under the Federal Tort Claims Act; and

    b) Summary judgment is granted in favor of Defendant and against Plaintiff as to Plaintiff's medical malpractice claim.

3) Defendant's motion to dismiss pursuant to Rule 12(b)(1) (doc. 11) is granted with respect to Plaintiff's claims that he was improperly charged a $2.00 medical co-pay and that he was overcharged $2.00 for Passover items.

4) The Clerk of Court shall enter the grant of summary judgment as stated above and close the file.

                                                           s/Sylvia H. Rambo
                                                           United States District Judge

Dated: November 6, 2009.